■ NATIONAL CLEANING CONTRACTORS, a Division of National Kinney Corp., Appellant, v URIS 380 MADISON CORPORATION, Respondent. — Order, Supreme Court, New York County (Pecora, J.), entered December 16, 1980, granting plaintiff's motion for summary judgment on the complaint, denying its motion to dismiss the first, second, third, and seventh counterclaims, and staying execution of judgment upon plaintiff's complaint pending trial of defendant's counterclaims, modified to dismiss defendant's first counterclaim and to vacate the stay of execution of that judgment, on the law, and in the exercise of discretion, without costs, and otherwise affirmed. Plaintiff and defendant entered into an agreement on January 1, 1974, renewable annually, pursuant to which plaintiff was to provide cleaning and maintenance services at a certain commercial office building operated by defendant. By notice dated April 9, 1979, defendant terminated the contract effective May 12, 1979. This action followed defendant's refusal to pay the plaintiff's invoice for the services during May, 1979, a refusal based on plaintiff's failure to pay vacation pay benefits allegedly due its employees. As here pertinent defendant interposed four counterclaims, the first and most substantial seeking damages for plaintiff's failure to pay vacation pay benefits. Plaintiff moved for summary judgment on its complaint and for dismissal of the counterclaims. Special Term granted plaintiff's motion for summary judgment on the complaint, but denied its motion to dismiss the counterclaims, and stayed execution of the judgment pending trial on the counterclaims. We disagree in part, modify the order to the extent of dismissing the first counterclaim, and vacate the stay of execu-

tion on the judgment entered in plaintiff's behalf. In the performance of its duties under the contract, plaintiff employed members of Union Local 32B-32N Service Employees International Union (Union) and in connection with that employment signed a "sub-assent" to the collective bargaining agreement between the Union and the Realty Advisory Board of Labor Relations, Inc., representing building owners. Under that agreement, cleaning contractors are required to pay vacation benefits to employees. The choice of vacation periods is confined to a period beginning May 1 and ending September 1 of each year. Vacation wages are paid to individual employees on commencement of their actual vacation period. Whether or not plaintiff was obligated to make vacation payments subsequent to the termination of its contract effective May 11, 1979, it seems readily apparent that defendant sustained no damage whatever from plaintiff's failure to do so. The vacation payments in question were paid in full by Prudential Building Maintenance Corporation (Prudential), the successor cleaning contractor for the period. There is no suggestion in this record that Prudential assumed these obligations under an agreement that defendant would undertake to recover the moneys from plaintiff and refund them to Prudential. Indeed the record is clear that the assumption by Prudential of the vacation pay obligation was wholly unrelated to the contract price charged plaintiff for the services that it agreed to render. What occurred appears to be in accordance with an industry-wide practice, reflected in several arbitration awards, and confirmed by counsel for the Building Service League (a trade association of cleaning contractors), that the contractor employing union members at the time vacation moneys are payable is responsible for the vacation pay. However that may be, it seems plain that defendant sustained no damage whatever in connection with plaintiff's refusal to make the payments in question. If there is in fact a dispute here, it would appear to be between plaintiff and Prudential. Accordingly, the first counterclaim should be dismissed. The second and third counterclaims seeking damages in the amount of $8,144.27 are both based on allegations that defendant furnished fewer than the contractually required washings during the period extending from January 1, 1979 to May 11, 1979. The greater part of the damages claimed by defendant under these counterclaims were quite evidently incurred during a period in which it paid without objection the plaintiff's monthly invoices. The seventh counterclaim seeks a credit of $180.91. Under the circumstances we see no adequate basis for staying execution of the judgment entered on plaintiff's complaint pending a trial of these claims. Concur — Murphy, P. J., Birns, Sandler, Ross and Lupiano, JJ.